From the record it appeared that the bond as originally entered was for $15,000. Exceptions to the bond were sustained and under order of court an additional bond for $20,000 was filed, the two bonds making a total of $35,000.

On exceptions testimony was offered by the exceptant, which tended to show that the property might be sold at private sale at not less than $70,000.

The court made an order approving both bonds.

*Error assigned* was the order of the court.

*M. A. Woodward*, for appellant.

*A. M. Neeper*, with him *W. M. Lindsay*, were not heard.

PER CURIAM, November 11, 1902:

The order fixing the amount of the bond is interlocutory in its nature and no appeal has been given by statute : Twelfth Street Market Co. v. P. &   . Terminal R. R. Co., 142 Pa. 580.

We have not been convinced that there was any abuse of discretion in the court below in fixing the amount.

Appeal quashed with costs.

---

## Minor *v.* Minor, Appellant.

*Bill of review—Fraud—Decree—Equity.*

A bill of review to vacate a decree in equity, alleged to have been procured by fraud, must be sustained by satisfactory evidence of the facts constituting the fraud alleged, or it will be dismissed.

Argued Nov. 3, 1902. Appeal, No. 53, Oct. T., 1902, by defendant, from decree of C. P. No. 1, Allegheny Co., June T., 1885, No. 315, dismissing bill in equity, filed by Edith May Minor, in case of Sarah J. Minor, by her next friend, Samuel McCluen v. Hamil Minor, Edith M. Minor, F. M. Love, James H. Reynolds and Martha J. Reynolds, his Wife. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill of review by Edith May Minor to vacate a decree entered on August 5, 1885. . Before COLLIER, J.

The court filed the following opinion :

The bill alleges that the decree in this case entered by the court in August, 1885, and recorded in the recorder's office in deed book, vol. 530, page 187, on July 7, 1886, was fraudulently obtained.   The decree is as follows :

" That the title to all that certain lot of ground situate in the nineteenth ward of the city of Pittsburg, Pennsylvania, having a front of twenty-six feet on Penn avenue and extending back 370 feet to Broad street, being the same lot mentioned and described in a deed from F. M. Love and James H. Reynolds et ux. to Sarah J. Minor, and now recorded in the recordor's office of Allegheny county, in deed book, volume 429, page 327, is in Sarah J. Minor, complainant, her heirs and assigns, and that said lot of ground is and shall be and remain the absolute property of the said Sarah J. Minor, her heirs and assigns, to and for the only proper use and behoof of her, the said Sarah J. Minor, her heirs and assigns forever.   And the trust recited in the foregoing deed in favor of Edith M. Minor, one of the defendants, is now declared invalid, null and void, and of no effect.   And it is now ordered that a certified copy of the decree be recorded in the office for recording deeds in Allegheny county."

The fraud charged in the bill of review is, first, that a short time prior to the time that Sarah J. Minor filed her bill to declare the trust recited in the deed to her from Love and Reynolds void, she and her husband, Hamil Minor, entered into the following written agreement, viz.

" This agreement made and entered into the 15th day of March, A. D. 1885, between Hammill Minor and Sarah J. Minor, parents of Edeth May Minor acting as guardians and trustees : That as Hammell Minor having given his consent to the said Sarah J. Minor to have following described property put in her own right, if sutch can be don, situated No. 6111 Pen ave, East E. Bo'ough, from F. M. Love, J. H. Reynolds and Martha Reynolds, 26. ft. front, running back 370 ft. to Broad st. that they will not offer for sale or allow to be sold as long as the said Edith May Minor may live, nor will use the proseds for enny other purpest than her benefit, and in case she is spaird to live

to the age of 21 years they will turn the above-described property over to the said Edeth May Minor without recourse at law, as ther management and interest seases; and in case the said Edeth May Minor dos not live, or at her deth the said property is to convert back to the said Hammell Minor, as he bought the above property with his own munney. The partys to thiss agreement further agrees that they will not very from thiss agreemont in enny way, by will, act or deed, to deprive their daughter Edeth May Minor of her property. Witness our hands and seals this 15th day of March, 1885.

"HAMIL MINOR.     [Seal]
"SARAH J. MINOR.  [Seal]
"JOHN ALLEN."

And that said agreement was collusively entered into by said Sarah J. Minor and Hamil Minor at the request of Sarah J. Minor, for the purpose of enabling her to have the trust deed set aside, and that, to that end, she fraudulently concealed the existence of said agreement from the court and,

Second. That Hamil Minor, father of Edith M. Minor, who was appointed guardian ad litem in the original proceedings in this case, never filed any answer as such guardian, and that the printed answer filed therein and purporting to be his answer was not signed or sworn to by him, nor did he ever authorize any one to file the same for him.

The bill of review, also, as grounds for setting aside the decree of the court made in August, 1885, charges that Sarah J. Minor, on November 10, 1887, when the deed from Love and Reynolds was made to her in trust, she executed to them a purchase money mortgage for the balance of the purchase money, viz: $5,000, and thus accepted the trust and undertook the execution thereof; that on September 29, 1883, she as trustee and her husband, Hamil Minor, leased the said premises for ten years to James Caldwell, and received the rents therefrom as trustee; and that on the same day, of September 29, 1883, she as trustee, with her husband, Hamil Minor, agreed to sell to said Caldwell the said premises for $8,000, and to make him a good deed therefor in fee simple; that said Caldwell filed a bill in equity in this court on September 22, 1885, at No. 94, December term, 1885, for specific performance,

and that the Supreme Court held on appeal thereto that the said trust for Edith M. Minor was a valid trust.

### FINDINGS OF FACT.

1. At the time Mrs. Sarah A. Minor received the trust deed she had three children by her first husband and one, Edith M. Minor, by her then second husband, Hamil Minor; all are still living.

2. No part of the purchase money for the land in dispute was the money of Hamil Minor, the father of Edith M. Minor. It was the money of Sarah J. Minor mostly derived from her first husband's estate.

3. The evidence is not only insufficient to show that the alleged fraudulent agreement with her husband, was executed by her or known to her, but we find as a fact that Sarah J. Minor did not sign or execute it, nor had she any knowledge of its existence.

4. We find that Hamil Minor, guardian ad litem, did authorize the filing of an answer to the original suit of Mrs. Sarah J. Minor; that he swore to the answer before Alderman Bese, in the presence of his attorney, Mr. Orr.

5. We find that it is true that Sarah J. Minor, on the same day the deed with the trust clause was delivered to her, did execute a mortgage as trustee for the purchase money, but that this was prior to the decree annulling the trust, and when she was unaware of the effect of the trust clause in her deed.

6. We find that it true that Mr. Caldwell filed a bill in equity, as alleged at No. 94, December term, for specific performance, and that Sarah J. Minor made answer to the same, In his bill Mr. Caldwell, in the first paragraph, charged as follows:

" 1. That heretofore, viz: On November 10, 1881, F. M. Love, James H. Reynolds and Martha J. Reynolds, his wife, granted, bargained, sold and conveyed to said Sarah J. Minor, her heirs and assigns forever, in trust for Edith M. Minor, daughter of said Hamil Minor and Sarah J. Minor, a certain lot of ground situated in the nineteenth ward, city of Pittsburg, county of Allegheny, and state of Pennsylvania bounded and described as follows: " (Here follows the description of the lot).

To this paragraph Mrs. Minor made answer that she admitted it.

The agreement of sale was made September, 1883, before the decree annulling the trust in August, 1885, although the bill was filed after the date of that decree, and the decree annulling the trust was not before the court.

### CONCLUSION OF LAW.

From the foregoing facts found it seems clear that the plaintiff has failed to prove any of the material allegations in the bill, such as would entitle it to review the decree of the court made in August, 1885. The bill must, therefore, be dismissed. The bill is dismissed at the costs of the plaintiff.

*Error assigned* was the decree of the court dismissing the bill of review.

*Denna C. Ogden,* with him *George W. Flowers,* for appellant.

*Harry L. Goehring,* with him *Edward B. Goehring,* for appellee.

PER CURIAM, November 11, 1902:

The decree is affirmed on the findings and opinion of the court below.

---

## Commonwealth *v.* Grether, Appellant.

*Criminal law—Murder—Felony—Arrest by citizen without warrant.*

Where a citizen in fresh pursuit of a person who has committed a felony, attempts to arrest the malefactor without a warrant, and the latter deliberately and intentionally shoots and kills him, the malefactor is guilty of murder in the first degree.

If a prisoner, in resisting arrest, intentionally discharges a revolver at his custodian, he intends to do either great bodily harm, or to kill, that he may escape, and, in either case, malice is to be presumed, and it is murder, not manslaughter.

*Criminal law—Murder—Evidence—Exhumation of body.*

It is no ground for setting aside a conviction of murder of the first degree that the district attorney, and not the coroner, exhumed the body of